John E. Flaherty
Jonathan M.H. Short
Carissa L. Rodrigue
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs AstraZeneca AB,
AstraZeneca LP, and Pozen Inc.*

Mary W. Bourke
Kristen Healey Cramer
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

R. James Balls
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Of Counsel for Plaintiffs AstraZeneca AB,
AstraZeneca LP, and Pozen Inc.*

Henry J. Renk
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2250

*Of Counsel for Plaintiffs AstraZeneca AB and
AstraZeneca LP*

Stephen M. Hash
VINSON & ELKINS LLP
2801 Via Fortuna
Suite 100
Austin, TX 78746-7568
(512) 542-8504

*Of Counsel for Plaintiff Pozen Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA AB, ASTRAZENECA LP, and POZEN INC., <br><br> Plaintiffs, <br><br> v. <br><br> DR. REDDY'S LABORATORIES INC. and DR. REDDY'S LABORATORIES LTD., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Action No. 11-cv-02317 (JAP)(LHG) |

ME1 12013653v.1

**PLAINTIFFS' ANSWER TO DR. REDDY'S LABORATORIES INC.'S AND DR. REDDY'S LABORATORIES LTD.'S COUNTERCLAIMS**

Plaintiffs AstraZeneca AB, AstraZeneca LP, and Pozen Inc. (collectively, "Plaintiffs"), by their attorneys, for their Answer to the Counterclaims of Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. (collectively, "DRL" or "Defendants"), respond as set forth below.

## ANSWER TO DEFENDANTS' COUNTERCLAIMS

44.     No response is required.  To the extent a response is required, Plaintiffs admit that DRL purports to allege counterclaims against Plaintiffs.

## PARTIES

45.     On information and belief, Plaintiffs admit the allegations of paragraph 45.

46.     On information and belief, Plaintiffs admit the allegations of paragraph 46.

47.     Plaintiffs admit the allegations of paragraph 47.

48.     Plaintiffs admit the allegations of paragraph 48.

49.     Plaintiffs admit the allegations of paragraph 49.

## JURISDICTION AND VENUE

50.     Plaintiffs admit that DRL purports to state an action for declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, but deny that there is any factual or legal basis for the declaratory judgment action or that DRL is entitled to the relief it seeks.  Plaintiffs admit that this Court has subject matter jurisdiction over the asserted claims. Plaintiffs deny the remaining allegations of paragraph 50.

51.     Plaintiffs do not contest personal jurisdiction for this action only.  Plaintiffs deny the remaining allegations of paragraph 51.

52.     Plaintiffs admit the allegations of paragraph 52.

## The Asserted Patent

53.     Plaintiffs admit the allegations of paragraph 53.

54.     Plaintiffs admit the allegations of paragraph 54.

## The Actual Controversy Concerning the Asserted Patent

55.     Paragraph 55 contains legal conclusions to which no response is required.  To the extent a response is required, Plaintiffs admit that DRL purports to state an action for declaratory judgment, but deny that there is any factual or legal basis for the declaratory action.  Plaintiffs admit that there is an actual controversy concerning DRL's infringement of the asserted claims (1, 5, 9-17, 22, 23, 35, 48, and 50-55) of the '907 patent with reference to ANDA No. 202461, in which DRL seeks FDA approval to manufacture, use, import, offer to sell, and/or sell in the United States DRL's proposed naproxen and esomeprazole magnesium delayed release tablet products.  As to the non-asserted claims of the '907 patent, Plaintiffs have not asserted the remaining claims of the '907 patent and therefore deny those allegations of paragraph 55. Plaintiffs deny the remaining allegations of Paragraph 55.

## Answer to First Counterclaim
## Declaratory Judgment of Non-Infringement ('907 Patent)

56.     To the extent a reply is required, and except as alleged by Plaintiffs in their Complaint, Plaintiffs are without knowledge or information to form a belief as to the truth of the answers provided by DRL in paragraphs 1-36 of its Answer to Plaintiffs' Complaint, and they are therefore denied.  Plaintiffs reallege and reincorporate their allegations contained in paragraphs 1-36 of their Complaint and the relief requested in their Prayer for Relief as if fully set forth herein, and insofar as DRL's answers in paragraphs 1-37 are inconsistent with Plaintiffs' allegations and requested relief, they are denied.  Plaintiffs contest the merits of

3

DRL's affirmative defenses (paragraphs 38-43), and to the extent that any response by Plaintiffs

is needed, Plaintiffs deny each and every allegation in paragraphs 38-43.  Plaintiffs reassert and

incorporate by reference their responses to paragraphs 44-55 of DRL's Counterclaims.

57.     Plaintiffs admit that DRL purports to seek in its first counterclaim a declaration

that DRL's proposed naproxen and esomeprazole magnesium delayed release tablet product does

not infringe claims 2-4, 6-8, 18-20, 25-27, 30-31, 36, 38-40, 43-44 and 49 of the '907 patent.

Plaintiffs have not asserted at least claims 2-4, 6-8, 18-20, 25-27, 30-31, 36, 38-40, 43-44 and 49

and therefore neither admit nor deny those allegations of paragraph 57.  To the extent DRL

alleges DRL's proposed naproxen and esomeprazole magnesium delayed release tablet product

does not infringe the asserted claims (1, 5, 9-17, 22, 23, 35, 48, and 50-55), Plaintiffs deny the

allegation.  Plaintiffs deny the remaining allegations of Paragraph 57.

**Answer to Second Counterclaim**
**Declaratory Judgment of Invalidity ('907 Patent)**

58.     Plaintiffs admit that DRL purports to seek in its second counterclaim a declaration

that at least claims 1, 5, 9-17, 21-24, 28-29, 32-35, 37, 41-42, 45-48, and 50-55 of the '907

patent are invalid, but deny that there is any factual or legal basis for this claim.  To the extent

paragraph 58 alleges any claim of the '907 patent is invalid, Plaintiffs deny the allegation.

Plaintiffs deny the remaining allegations of paragraph 58.

Plaintiffs further deny each allegation contained in DRL's Counterclaim that was not

specifically admitted, denied, or otherwise responded to in this Reply to Defendants'

counterclaims.

**RESPONSE TO DRL'S PRAYER FOR RELIEF**

Plaintiffs deny that DRL is entitled to any relief as sought in its Counterclaims.

WHEREFORE, Plaintiffs therefore respectfully request the following relief:

4

A.      Dismissing DRL's Counterclaims with prejudice and denying all relief sought by

DRL;

B.      Awarding Plaintiffs the relief requested in their Complaint; and

C.      Awarding Plaintiffs any further and other relief as this Court deems just and

proper.


Dated: July 20, 2011                          By:    s/John E. Flaherty
                                                     John E. Flaherty
                                                     Jonathan M.H. Short
                                                     Carissa L. Rodrigue
                                                     MCCARTER & ENGLISH, LLP
                                                     Four Gateway Center
                                                     100 Mulberry Street
                                                     Newark, New Jersey 07102
                                                     (973) 622-4444

                                                     *Counsel for Plaintiffs AstraZeneca AB,
                                                     AstraZeneca LP, and Pozen Inc.*


Mary W. Bourke                                       Henry J. Renk
Kristen Healey Cramer                                FITZPATRICK, CELLA, HARPER & SCINTO
CONNOLLY BOVE LODGE & HUTZ LLP                       1290 Avenue of the Americas
1007 N. Orange Street                                New York, NY 10104-3800
P.O. Box 2207                                        (212) 218-2250
Wilmington, DE 19899
(302) 658-9141                                       *Of Counsel for Plaintiffs AstraZeneca AB
                                                     and AstraZeneca LP*
*Of Counsel for Plaintiffs AstraZeneca AB,
AstraZeneca LP, and Pozen Inc*


William E. McShane                                   Stephen M. Hash
R. James Balls                                       VINSON & ELKINS LLP
CONNOLLY BOVE LODGE & HUTZ LLP                       2801 Via Fortuna
1875 Eye Street, NW                                  Suite 100
Suite 1100                                           Austin, TX 78746-7568
Washington, DC  20006                                (512) 542-8504
(202) 572-0335
                                                     *Of Counsel for Plaintiff Pozen Inc.*
*Of Counsel for Plaintiffs AstraZeneca AB,
AstraZeneca LP, and Pozen Inc.*

ME1 12013653v.1

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2011, I caused the foregoing Plaintiffs' Answer to Dr.

Reddy's Laboratories Inc.'s and Dr. Reddy's Laboratories Ltd.'s Counterclaims to be served

upon the following counsel via electronic mail and the CM/ECF system:

> Andrew J. Miller
> Stuart D. Sender
> Alan Henry Pollack
> BUDD LARNER, P.C.
> 150 John F. Kennedy Parkway
> Short Hills, New Jersey 07078
> (973) 379-4800
> amiller@buddlarner.com
> ssender@buddlarner.com
> apollack@buddlarner.com

> By:   *s/ John E. Flaherty*
> John E. Flaherty
> MCCARTER & ENGLISH, LLP
> Four Gateway Center
> 100 Mulberry Street
> Newark, New Jersey 07102
> (973) 622-4444
>
> *Counsel for Plaintiffs AstraZeneca AB,*
> *AstraZeneca LP, and Pozen Inc.*

6

ME1 12013653v.1