John E. Flaherty
Jonathan M.H. Short
Carissa L. Rodrigue
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs AstraZeneca AB,*
*AstraZeneca LP, KBI-E Inc. and Pozen Inc.*

Einar Stole
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-5095

*Of Counsel for Plaintiffs AstraZeneca AB and*
*AstraZeneca LP*

Stephen M. Hash
VINSON & ELKINS LLP
2801 Via Fortuna
Suite 100
Austin, TX 78746-7568
(512) 542-8504

*Of Counsel for Plaintiff Pozen Inc.*

Mary W. Bourke
Kristen Healey Cramer
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

R. James Balls
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Of Counsel for Plaintiffs AstraZeneca AB,*
*AstraZeneca LP, and Pozen Inc.*

Henry J. Renk
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2250

*Of Counsel for Plaintiffs AstraZeneca AB,*
*AstraZeneca LP, and KBI-E Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASTRAZENECA AB, ASTRAZENECA LP, KBI-E INC., and POZEN INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 11-cv-02317 (JAP)(DEA) |
| v. | ) ) | **FIRST AMENDED COMPLAINT** |
| DR. REDDY'S LABORATORIES INC. and DR. REDDY'S LABORATORIES LTD., | ) ) ) | **FOR PATENT INFRINGEMENT** |
| Defendants. | ) ) ) | |

Plaintiffs AstraZeneca AB, AstraZeneca LP, KBI-E Inc., and Pozen Inc. (collectively, "Plaintiffs"), by their attorneys, for their First Amended Complaint against Dr. Reddy's Laboratories Inc. and Dr. Reddy's Laboratories Ltd. (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and in particular under 35 U.S.C. § 271(e).  This action relates to Abbreviated New Drug Application ("ANDA") No. 202461 filed by or for the benefit of Defendants with the United States Food and Drug Administration ("FDA") for approval to market generic versions of Plaintiffs' VIMOVO® pharmaceutical products that are sold in the United States.

## THE PARTIES

2.      Plaintiff AstraZeneca AB ("AZ AB") is a corporation operating and existing under the laws of Sweden, with its principal place of business at S-151 85 Södertälje, Sweden.

3.      Plaintiff AstraZeneca LP ("AZ LP") is a limited partnership operating and existing under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.

4.      Plaintiff KBI-E Inc. ("KBI-E") is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware.

5.      Plaintiff Pozen Inc. ("Pozen") is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business at 1414 Raleigh Road, Chapel Hill, North Carolina 27517.

6.      On information and belief, Defendant Dr. Reddy's Laboratories Inc. ("Dr.

2

Reddy's Inc.") is a corporation operating and existing under the laws of the State of New Jersey, with its principal place of business at 200 Somerset Corporate Boulevard, Bridgewater, New Jersey 08807 (Somerset County).

7.      On information and belief, Defendant Dr. Reddy's Laboratories Ltd. ("Dr. Reddy's Ltd.") is a corporation operating and existing under the laws of India, with its principal place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad, 500 034, India.

8.      On information and belief, Dr. Reddy's Inc. is a wholly-owned subsidiary of Dr. Reddy's Ltd.

## BACKGROUND

### The NDA

9.      AZ LP is the holder of New Drug Application ("NDA") No. 022511 for VIMOVO® (naproxen and esomeprazole magnesium) Delayed Release Tablets, in 375 mg (naproxen)/20 mg (esomeprazole magnesium) and 500 mg (naproxen)/20 mg (esomeprazole magnesium) dosage forms.

10.     VIMOVO® is a prescription drug approved for use to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment with non-steroidal anti-inflammatory drugs (NSAIDs).  Naproxen and esomeprazole magnesium are the active ingredients in VIMOVO®.

### The Patents-In-Suit

11.     United States Patent No. 6,926,907 ("the '907 patent"), entitled "Pharmaceutical Compositions for the Coordinated Delivery of NSAIDs," was duly and legally issued by the United States Patent and Trademark Office on August 9, 2005.  The claims of the '907 patent are

3

directed to pharmaceutical compositions that provide for the coordinated release of an acid inhibitor and a NSAID (claims 1-21, and 53-55), and a method of treating a patient for pain or inflammation comprising administration of the aforementioned compositions (claims 22-52). A true and correct copy of the '907 patent is attached as Exhibit A.

12.     Pozen owns the '907 patent by assignment. AZ AB is Pozen's exclusive licensee under the '907 patent. The '907 patent will expire on February 28, 2023.

13.     United States Patent No. 5,714,504 ("the '504 patent"), entitled "Compositions," was duly and legally issued by the United States Patent and Trademark Office on February 3, 1998. The claims of the '504 patent are directed to pharmaceutical formulations for oral administration comprising a pure solid state alkaline salt of the (-)-enantiomer of 5-methoxy-2[[4-methoxy-3,5-dimethyl-2-pyridinylmethyl)sulfinyl]-1H-benzimidazole (claims 1-5), and methods of inhibiting gastric acid secretion comprising the oral administration of pharmaceutical formulations of the alkaline salts of esomeprazole (claims 6, 7 and 10) and esomeprazole (8 and 9). A true and correct copy of the '504 patent is attached as Exhibit B.

14.     AZ AB owns the '504 patent by assignment. KBI-E is AZ AB's exclusive licensee under the '504 patent. The '504 patent will expire on February 3, 2015, and pediatric exclusivity relating to the '504 patent will expire on August 3, 2015.

15.     United States Patent No. 6,875,872 ("the '872 patent"), entitled "Compounds," was duly and legally issued by the United States Patent and Trademark Office on April 5, 2005. The claims of the '872 patent are directed to magnesium salts of (-)-5-methoxy-2-[[(4-methoxy-3,5-dimethyl-2-pyridinyl)methyl]sulfinyl]-1H-benzimidazole (claims 1-12). A true and correct copy of the '872 patent is attached as Exhibit C.

16.     AZ AB owns the '872 patent by assignment. KBI-E is AZ AB's exclusive

4

licensee under the '872 patent.  The '872 patent will expire on May 27, 2014, and pediatric

exclusivity relating to the '872 patent will expire on November 27, 2014.

17.     United States Patent No. 7,745,466 ("the '466 patent"), entitled "Form of S-

omeprazole," was duly and legally issued by the United States Patent and Trademark Office on

June 29, 2010.  The claims of the '466 patent are directed to pharmaceutical compositions

comprising a first and second active ingredient and a pharmaceutically acceptable carrier,

wherein the first active ingredient is a magnesium salt of S-omeprazole trihydrate (claims 1-15),

and methods for treating gastric acid related conditions comprising administration of the

aforementioned compositions (claim 16).  A true and correct copy of the '466 patent is attached

as Exhibit D.

18.     AZ AB owns the '466 patent by assignment.  KBI-E is AZ AB's exclusive

licensee under the '466 patent.  The '466 patent will expire on October 13, 2018.

19.     United States Patent No. 7,411,070 ("the '070 patent"), entitled "Form of S-

omeprazole," was duly and legally issued by the United States Patent and Trademark Office on

August 12, 2008.  The claims of the '070 patent are directed to magnesium salts of S-omeprazole

trihydrate (claims 1-2), and processes for the preparation of the aforementioned magnesium salts

of S-omeprazole trihydrate (claims 3-4).  A true and correct copy of the '070 patent is attached as

Exhibit E.

20.     AZ AB owns the '070 patent by assignment.  KBI-E is AZ AB's exclusive

licensee under the '070 patent.  The '070 patent will expire on May 25, 2018, and pediatric

exclusivity relating to the '070 patent will expire on November 25, 2018.

21.     United States Patent No. 6,369,085 ("the '085 patent"), entitled "Form of S-

omperazole," was duly and legally issued by the United States Patent and Trademark Office on

April 9, 2002.  The claims of the '085 patent are directed to magnesium salts of S-omeprazole trihydrate (claims 1-3), processes for the preparation of the aforementioned magnesium salts of S-omeprazole trihydrate (claims 4-10), pharmaceutical compositions comprising the aforementioned magnesium salts of S-omeprazole trihydrate (claim 11), and methods of treating gastric acid related conditions comprising administration of the aforementioned magnesium salts of S-omeprazole trihydrate (claim 12).  A true and correct copy of the '085 patent is attached as Exhibit F.

22.    AZ AB owns the '085 patent by assignment.  KBI-E is AZ AB's exclusive licensee under the '085 patent.  The '085 patent will expire on May 25, 2018, and pediatric exclusivity relating to the '085 patent will expire on November 25, 2018.

## The ANDA

23.    On information and belief, Defendants filed ANDA No. 202461 with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture, use, import, offer for sale, and sale in the United States of naproxen and esomeprazole magnesium delayed release tablets containing 375 mg or 500 mg of naproxen and 20.71 mg esomeprazole magnesium ("Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets"), which are generic versions of Plaintiffs' VIMOVO® Delayed Release Tablets in 375 mg (naproxen)/20 mg (esomeprazole magnesium) and 500 mg (naproxen)/20 mg (esomeprazole magnesium) strengths, respectively.

24.    By letters dated March 11, 2011 (the "ANDA Notice Letter dated March 11, 2011") and September 19, 2011 (the "ANDA Notice Letter dated September 19, 2011"), Defendants notified Plaintiffs that Defendants had filed ANDA No. 202461 seeking approval to market Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, and that

Defendants were providing information to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95.

## JURISDICTION AND VENUE

25.     Subject matter jurisdiction over this action is proper pursuant to the provisions of Title 28, United States Code, Sections 1331 and 1338(a).

26.     On information and belief, Dr. Reddy's Inc. is a corporation organized and existing under the laws of the State of New Jersey.  By virtue of its incorporation in New Jersey, this Court has personal jurisdiction over Dr. Reddy's Inc.

27.     On information and belief, Defendants are in the business of developing, formulating, manufacturing, marketing, offering to sell, selling and commercializing pharmaceutical products.

28.     On information and belief, Dr. Reddy's Ltd., either directly or through one or more of its wholly owned subsidiaries and/or agents, develops, manufactures, distributes, markets, offers to sell, and sells generic drug products for sale and use throughout the United States, including within this judicial district.

29.     On information and belief, Dr. Reddy's Inc., with the assistance and/or at the direction of Dr. Reddy's Ltd., develops, manufactures, distributes, markets, offers to sell, and sells generic drug products for sale and use throughout the United States, including within this judicial district.

30.     On information and belief, Defendants acted in concert to develop Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, and to seek approval from the FDA to sell Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets throughout the United States, including within this judicial district.

31.     On information and belief, both Dr. Reddy's Ltd. and Dr. Reddy's Inc.

participated in the preparation and/or filing of ANDA No. 202461.

32.     On information and belief and as stated in the ANDA Notice Letters, the FDA received ANDA No. 202461 from Dr. Reddy's Ltd. and Dr. Reddy's Inc.

33.     In its ANDA Notice Letter dated March 11, 2011, Defendants stated that the name and address of its agent in the United States authorized to accept service of process for Defendants for purposes of an infringement action based upon its ANDA Notice Letter is Lee Banks, Dr. Reddy's Inc., 200 Somerset Corporate Blvd., Floor 7, Bridgewater, New Jersey 08807.  In its ANDA Notice Letter dated September 19, 2011, Defendants stated that the name and address of its agent in the United States authorized to accept service of process for Defendants for purposes of an infringement action based upon its ANDA Notice Letter is Alan H. Pollack, Esq., Budd Larner, P.C., 150 John F. Kennedy Parkway, Short Hills, NJ 07078

34.     By naming Lee Banks, Dr. Reddy's Inc., 200 Somerset Corporate Blvd., Floor 7, Bridgewater, New Jersey 08807 and Alan H. Pollack, Esq., Budd Larner, P.C., 150 John F. Kennedy Parkway, Short Hills, NJ 07078 as their agents in their ANDA Notice Letters, Defendants have consented to jurisdiction in the State of New Jersey for this action.

35.     On information and belief, by virtue of, *inter alia*, Dr. Reddy's Ltd.'s relationship with Dr. Reddy's Inc. in connection with the preparation and/or filing of ANDA No. 202461; Dr. Reddy's Ltd.'s designation of Lee Banks, Dr. Reddy's Inc., 200 Somerset Corporate Blvd., Floor 7, Bridgewater, New Jersey 08807 and Alan H. Pollack, Esq., Budd Larner, P.C., 150 John F. Kennedy Parkway, Short Hills, NJ 07078 as its agents for service of process; and the sales-related activities of Defendants in New Jersey, including but not limited to the substantial, continuous, and systematic distribution, marketing, and/or sales of pharmaceutical products to residents of New Jersey, this Court has personal jurisdiction over Dr. Reddy's Ltd.

ME1 12463848v.1

36.     On information and belief, Defendants have previously been sued in this district and have not challenged personal jurisdiction.  *See, e.g.*, *Wyeth LLC v. Dr. Reddy's Labs., Ltd. and Dr. Reddy's Labs., Inc.*, Civ. Action No. 3:10-cv-04551-FLW-DEA (D.N.J.); *Albany Molecular Research, Inc. v. Dr. Reddy's Labs., Ltd. and Dr. Reddy's Labs., Inc.*, Civ. Action No. 2:09-cv-04638-GEB-MCA (D.N.J.); *Sepracor, Inc. v. Teva Pharm. USA, Inc., et al.*, Civ. Action No. 2:09-cv-01302-DMC-MF (D.N.J.); *Hoffman-La Roche Inc. v. Dr. Reddy's Labs., Ltd. and Dr. Reddy's Labs., Inc.*, Civ. Action No. 2:08-cv-04055-SRC-MAS (D.N.J.); and *AstraZeneca AB et al. v. Dr. Reddy's Labs., Ltd. and Dr. Reddy's Labs., Inc.*, Civil Action No. 3:08-cv-00328-JAP-TJB (D.N.J.).

37.     On information and belief, both Defendants Dr. Reddy's Ltd. and Dr. Reddy's Inc. have admitted that each is subject to personal jurisdiction in this district.  *See, e.g.*, *AstraZeneca UK Ltd. and AstraZeneca Pharms. LP v. Dr. Reddy's Labs., Ltd. and Dr. Reddy's Labs., Inc.*, 3:08-cv-03237-MLC-TJB (D.N.J.), Answer to Complaint, ¶ 8 (Jul. 11, 2008).

38.     On information and belief, Defendants have availed themselves of the jurisdiction of this court by initiating litigation in this district.  *See, e.g.*, *Dr. Reddy's Labs., Ltd. and Dr. Reddy's Labs., Inc. v. Eli Lilly & Co.*, Civ. Action No. 3:09-0192-GEB-LHG (D.N.J.); and *Dr. Reddy's Labs., Ltd. and Dr. Reddy's Labs., Inc. v. AstraZeneca AB et al.*, Civil Action No. 3:08-cv-02496-JAP-TJB (D.N.J.).

39.     On information and belief, by virtue of, *inter alia,* Defendants' continuous and systematic contacts with New Jersey, including but not limited to the above-described contacts, and the actions on behalf of Defendants in connection with ANDA No. 202461, this Court has personal jurisdiction over Defendants.  These activities satisfy due process and confer personal jurisdiction over Defendants consistent with New Jersey law.

9

40.     Venue is proper in this District pursuant to the provisions of Title 28, United States Code, Sections 1391(c) and (d), and 1400(b).

## COUNT I
## (INFRINGEMENT OF THE '907 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))

41.     Plaintiffs incorporate by reference paragraphs 1-40 of this Complaint as if fully set forth herein.

42.     By their ANDA Notice Letter dated March 11, 2011, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '907 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '907 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."

43.     On information and belief, at the time the ANDA Notice Letter dated March 11, 2011 was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 42, above.

44.     Defendants' ANDA Notice Letter dated March 11, 2011, which is required by statute and regulation to provide a full and detailed explanation regarding non-infringement (see paragraph 42 above), does not allege and does not address non-infringement of claims 1, 5, 9-17, 21-24, 28-29, 32-35, 37, 41-42, 45-48, and 50-55 of the '907 patent.  By not addressing non-infringement of claims 1, 5, 9-17, 21-24, 28-29, 32-35, 37, 41-42, 45-48, and 50-55 of the '907 patent, Defendants admit that Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets meet all limitations in claims 1, 5, 9-17, 21-24, 28-29, 32-35, 37, 41-42, 45-48, and 50-55 of the '907 patent.

45.     Defendants have infringed one or more claims of the '907 patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in this patent, prior to the expiration of the '907 patent.

46.     On information and belief, the commercial manufacture, use, sale, offer for sale, or importation into the United States of Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved by the FDA, will constitute direct infringement of claims 1, 5, 9-17, and 53-55 of the '907 patent.

47.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be prescribed and administered to human patients to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment with NSAIDs, which uses will constitute direct infringement of claims 22, 23, 35, 48, and 50-52 of the '907 patent.  On information and belief, these uses will occur with Defendants' specific intent, knowledge and encouragement.  On information and belief,

11

Defendants will actively induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '907 patent.

48.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are especially made or especially adapted to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment with NSAIDs by inhibiting gastric acid secretion.  On information and belief, Defendants are aware that Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are so made or so adapted.  On information and belief, Defendants are aware that Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be used in contravention of Plaintiffs' rights under the '907 patent.

49.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT II
## (INFRINGEMENT OF THE '504 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))

50.     Plaintiffs incorporate by reference paragraphs 1-40 of this Complaint as if fully set forth herein.

51.     By their ANDA Notice Letter dated September 19, 2011, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '504 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '504 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug

12

for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also

requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of

the opinion of the applicant  that the patent is not valid or will not be infringed."  The FDA Rules

and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must

include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent

is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i)

[f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the

claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or

unenforceable, a full and detailed explanation of the grounds supporting the allegation."

     52.     On information and belief, at the time the ANDA Notice Letter dated September

19, 2011 was served, Defendants were aware of the statutory provisions and regulations referred

to in paragraph 51, above.

     53.     Defendants' ANDA Notice Letter dated September 19, 2011, which is required by

statute and regulation to provide a full and detailed explanation regarding non-infringement (see

paragraph 51 above), does not allege and does not address non-infringement of claims 1-3, 5-7,

and 10 of the '504 patent.  By not addressing non-infringement of claims 1-3, 5-7, and 10 of the

'504 patent, Defendants admit that Dr. Reddy's Naproxen and Esomeprazole Magnesium

Delayed Release Tablets meet all limitations in claims 1-3, 5-7, and 10 of the '504 patent.

     54.     Defendants have infringed one or more claims of the '504 patent under 35 U.S.C.

§ 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking

approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed

in this patent, or the use of which is claimed in this patent, prior to the expiration of the '504

patent.

55.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be prescribed and administered to human patients for pain in a therapeutically effective amount to inhibit gastric acid secretion, which uses will constitute direct infringement of one or more claims of the '504 patent.  On information and belief, these uses will occur at Defendants' active behest and with their intent, knowledge and encouragement.  On information and belief, Defendants will actively induce, encourage, aid and abet this prescription and administration with knowledge and specific intent that these uses will be  in contravention of Plaintiffs' rights under the '504 patent

56.     On information and belief, Defendants' Naproxen and Esomeprazole Magnesium Delayed Release Tablets are especially made or especially adapted to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment with NSAIDs by inhibiting gastric acid secretion.  On information and belief, Defendants are aware that their Naproxen and Esomeprazole Magnesium Delayed Release Tablets are so made or so adapted.  On information and belief, Defendants are aware that Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be used in contravention of Plaintiffs' rights under the '504 patent.

57.     On information and belief, the manufacture, use and sale of Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets infringe the '504 patent claims.

58.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

14

## COUNT III
## (INFRINGEMENT OF THE '872 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))

59.     Plaintiffs incorporate by reference paragraphs 1-40 of this Complaint as if fully set forth herein.

60.     By their ANDA Notice Letter dated September 19, 2011, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '872 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '872 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds of supporting the allegation."

61.     On information and belief, at the time the ANDA Notice Letter dated September 19, 2011 was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 60, above.

62.     Defendants' ANDA Notice Letter dated September 19, 2011, which is required by statute and regulation to provide a full and detailed explanation regarding non-infringement (see

paragraph 60 above), does not allege and does not address non-infringement of claims 1-2, 4-5, 7-8, and 10-11 of the '872 patent.  By not addressing non-infringement of claims 1-2, 4-5, 7-8, and 10-11 of the '872 patent, Defendants admit that Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets meet all limitations in claims 1-2, 4-5, 7-8, and 10-11 of the '872 patent.

63.     Defendants have infringed one or more claims of the '872 patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in this patent, prior to the expiration of the '872 patent.

64.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be prescribed and administered to human patients, which uses will constitute direct infringement of one or more claims of the '872 patent.  On information and belief, these uses will occur at Defendants' active behest and with their intent, knowledge and encouragement.  On information and belief, Defendants will actively induce, encourage, aid and abet this prescription and administration with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '872 patent.

65.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are especially made or especially adapted for treatment of humans.  On information and belief, Defendants are aware that Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are so made or so adapted.  On information and belief, Defendants are aware that Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be used in contravention of Plaintiffs' rights under the '872 patent.

16

66.     On information and belief, the manufacture, use and sale of Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets infringe one or more claims of the '872 patent.

67.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

**COUNT IV**
**(INFRINGEMENT OF THE '466 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))**

68.     Plaintiffs incorporate by reference paragraphs 1-40 of this Complaint as if fully set forth herein.

69.     Defendants have infringed one or more claims of the '466 patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in this patent, prior to the expiration of the '466 patent.

70.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets contain a magnesium salt of esomeprazole trihydrate as claimed by the '466 patent.

71.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are especially made or especially adapted to treat gastric acid related conditions via the administration of a therapeutically effective amount of a pharmaceutical formulation containing esomeprazole magnesium trihydrate and a non-steroidal anti-inflammatory agent. On information and belief, Defendants are aware that its naproxen and esomeprazole magnesium delayed release tablets are so made or so adapted.  On information and

17

belief, Defendants are aware that Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be used in contravention of Plaintiffs' rights under the '466 patent.

72.     On information and belief, the manufacture, use and sale of Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets infringe the '466 patent claims.

73.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT V
## (INFRINGEMENT OF THE '070 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))

74.     Plaintiffs incorporate by reference paragraphs 1-40 of this Complaint as if fully set forth herein.

75.     By their ANDA Notice Letter dated September 19, 2011, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '070 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '070 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent

18

is not valid, unenforceable, or will not be infringed." The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds of supporting the allegation."

76.     On information and belief, at the time the ANDA Notice Letter dated September 19, 2011 was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 75, above.

77.     Defendants' ANDA Notice Letter dated September 19, 2011, which is required by statute and regulation to provide a full and detailed explanation regarding invalidity (see paragraph 75 above), does not allege and does not address invalidity of claims 2 and 4 of the '070 patent.

78.     Defendants have infringed one or more claims of the '070 patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in this patent, prior to the expiration of the '070 patent.

79.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets contain a magnesium salt of esomeprazole trihydrate as claimed by the '070 patent.

80.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are manufactured by a process comprised of treating a magnesium salt of esomeprazole with water, as claimed by the '070 patent.

81.     On information and belief, the manufacture, use and sale of Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets infringe the '070 patent

claims.

82.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT VI
## (INFRINGEMENT OF THE '085 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))

83.     Plaintiffs incorporate by reference paragraphs 1-40 of this Complaint as if fully set forth herein.

84.     By their ANDA Notice Letter dated September 19, 2011, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '085 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '085 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds of supporting the allegation."

85.     On information and belief, at the time the ANDA Notice Letter dated September

19, 2011 was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 84, above.

86.     Defendants' ANDA Notice Letter dated September 19, 2011, which is required by statute and regulation to provide a full and detailed explanation regarding invalidity (see paragraph 84 above), does not allege invalidity of any claims of the '085 patent.

87.     Defendants have infringed one or more claims of the '085 patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in this patent, prior to the expiration of the '085 patent.

88.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets contain a magnesium salt of esomeprazole trihydrate as claimed by the '085 patent.

89.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be prescribed and administered to human patients in the form of a pharmaceutical formulation and in a therapeutically effective amount to treat gastric acid related conditions, which uses will constitute direct infringement of one or more claims of the '085 patent.  On information and belief, these uses will occur at Defendants' active behest and with its intent, knowledge and encouragement.  On information and belief, Defendants will actively induce, encourage, aid and abet this prescription and administration with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '085 patent.

90.     On information and belief, Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are especially made or especially adapted to relieve the signs and

symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment with NSAIDs by inhibiting gastric acid secretion.  On information and belief, Defendants are aware that Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are so made or so adapted.  On information and belief, Defendants are aware that Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be used in contravention of Plaintiffs' rights under the '085 patent.

91.      On information and belief, the manufacture, use and sale of Dr. Reddy's Naproxen and Esomeprazole Magnesium Delayed Release Tablets infringe the '085 patent claims.

92.      Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      A judgment that the claims of the patents-in-suit are valid and enforceable;

B.      A judgment that the submission of ANDA No. 202461 by Defendants infringes one or more claims of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A);

C.      A judgment providing that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any FDA approval of Defendants' ANDA No. 202461 shall be no earlier than the later of the expiration date of the last to expire of the patents-in-suit or any later exclusivity to which Plaintiffs are or become entitled;

D.      A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) permanently enjoining

Defendants, and all persons acting in concert with any of them, from making, using, selling, offering to sell, or importing the naproxen and esomeprazole magnesium product described in Defendants' ANDA No. 202461 no earlier than the later of the expiration date of the last to expire of the patents-in-suit or any later exclusivity to which Plaintiffs are or become entitled;

     E.      Attorneys' fees in this action pursuant to 35 U.S.C. § 285;

     F.      Costs and expenses in this action; and

     G.      Such further and other relief as this Court may deem just and proper.

Dated: October 28, 2011
By:

/s/ John E. Flaherty

Mary W. Bourke
Kristen Healey Cramer
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

R. James Balls
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC  20006
(202) 572-0335

*Of Counsel for Plaintiffs AstraZeneca AB,
AstraZeneca LP, and Pozen Inc.*

John E. Flaherty
Jonathan M.H. Short
Carissa L. Rodrigue
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs AstraZeneca AB,
AstraZeneca LP, KBI-E Inc., and Pozen Inc.*

Einar Stole
COVINGON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-5095

*Of Counsel for Plaintiffs AstraZeneca AB and
AstraZeneca LP*

23

Henry J. Renk
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800

*Of Counsel for Plaintiffs AstraZeneca AB
AstraZeneca LP, and KBI-E Inc.*

Stephen M. Hash
VINSON & ELKINS LLP
2801 Via Fortuna
Suite 100
Austin, TX 78746-7568
(512) 542-8504

*Of Counsel for Plaintiff Pozen Inc.*

24

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is related to the subject matter of *ASTRAZENECA AB, ASTRAZENECA LP, KBI-E INC., and POZEN INC., v. LUPIN  LTD. and LUPIN PHARMACEUTICALS INC*., Civil Action No. 3:11-cv-04275 (JAP)(DEA) (the "VIMOVO® Lupin case").  The VIMOVO® Lupin case involves the same patents and the same product as the matter in controversy.  Civil Action No. 11-4275 has been assigned to Hon. Joel A. Pisano, U.S.D.J.  The matter in controversy and the VIMOVO® Lupin case have been consolidated for discovery purposes.

Furthermore, I certify that the matter in controversy is related to the subject matter of the following active cases (the "NEXIUM® cases") currently pending before Judge Pisano:

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC. and KBI-E INC. v. LUPIN LTD. and LUPIN PHARMACEUTICALS, INC.*, Civil Action No. 3:09-cv-05404-JAP-TJB (D.N.J.).

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC. and KBI-E INC. v. HANMI USA, INC., HANMI PHARMACEUTICAL CO., LTD., HANMI FINE CHEMICAL CO., LTD, and HANMI HOLDINGS CO., LTD.*, Civil Action No. 3:11-cv-00760-JAP-TJB (D.N.J.).

Dated: October 28, 2011
By:

/s/ John E. Flaherty

John E. Flaherty
Jonathan M.H. Short
Carissa L. Rodrigue
MCCARTER & ENGLISH, LLP

Mary W. Bourke
Kristen Healey Cramer
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs AstraZeneca AB, AstraZeneca LP, KBI-E Inc., and Pozen Inc.*

R. James Balls
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC  20006
(202) 572-0335

*Of Counsel for Plaintiffs AstraZeneca AB,*
*AstraZeneca LP, and Pozen Inc.*

Henry J. Renk
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800

*Of Counsel for Plaintiffs AstraZeneca AB*
*AstraZeneca LP, and KBI-E Inc.*

Einar Stole
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-5095

*Of Counsel for Plaintiffs AstraZeneca AB and*
*AstraZeneca LP*

Stephen M. Hash
VINSON & ELKINS LLP
2801 Via Fortuna
Suite 100
Austin, TX 78746-7568
(512) 542-8504

*Of Counsel for Plaintiff Pozen Inc.*

ME1 12463848v.1