John E. Flaherty
Jonathan M.H. Short
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Attorneys for Plaintiffs
AstraZeneca AB, AstraZeneca LP,
KBI-E Inc., and Pozen , Inc.*

Einar Stole
Edward H. Rippey
Maureen M. Japha
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000

*Of Counsel for Plaintiffs AstraZeneca AB,
AstraZeneca LP, and KBI-E Inc.*

Stephen M. Hash
Stephen C. Stout
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel:  (512) 542-8400

*Of Counsel for Plaintiff Pozen Inc.*

Henry J. Renk
FITZPATRICK, CELLA, HARPER
& SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
(212) 218-2100

*Of Counsel for Plaintiffs AstraZeneca AB,
AstraZeneca LP, and KBI-E Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASTRAZENECA AB, ASTRAZENECA LP, KBI-E INC., and POZEN INC.,<br><br>Plaintiffs,<br>v.<br><br>DR. REDDY'S LABORATORIES INC. and DR. REDDY'S LABORATORIES LTD., et al.,<br><br>Defendant. | Civil Action No.<br>3:11-cv-02317 (JAP)(DEA)<br><br>(consolidated for discovery purposes with Civ. A. Nos. 3:11-cv-04275-JAP-DEA and 3:11-cv-06348-JAP-DEA and 3:13-cv-00091-JAP-DEA)<br><br>**Motion Date: August 5, 2013** |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION FOR PARTIAL SUMMARY JUDGMENT THAT
U.S. PATENT NO. 6,926,907 IS NOT INVALID**

## TABLE OF CONTENTS

 Page

TABLE OF AUTHORITIES ................................................................................................. ii

Standard for Summary Judgment of Validity ................................................................... 1

Plaintiffs Are Entitled to Summary Judgment Because DRL Has Not Produced Any Evidence to Support its Affirmative Defense of Invalidity. ............................................ 2

CONCLUSION ................................................................................................................. 3

## TABLE OF AUTHORITIES

Page

**Cases**

*ACCO Brands, Inc. v. Pc Guardian Anti-Theft Prods.*,
  592 F. Supp. 2d. 1208 (N.D. Cal. 2008) ................................................................................... 2

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .............................................................................................................. 1, 2

*Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*,
  806 F.2d 1565 (Fed. Cir. 1986) ................................................................................................ 1

*Robotic Vision Systems, Inc. v. View Eng'g., Inc.*,
  189 F.3d 1370 (Fed.Cir. 1999) ................................................................................................. 1

**Rules**

Fed. R. Civ. P. 56(a) ..................................................................................................................... 1

Plaintiffs AstraZeneca AB, AstraZeneca LP, KBI-E Inc., and Pozen Inc. (collectively, "Plaintiffs") move for partial summary judgment that the claims of U.S. Patent No. 6,926,907 (the "'907 Patent") are not invalid because the undisputed facts establish that Defendants Dr. Reddy's Laboratories, Inc. and Dr. Reddy's Laboratories Ltd. (collectively, "DRL") produced no evidence in support of their second affirmative defense of invalidity of the '907 Patent.

**I.      Standard for Summary Judgment for Validity**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . there can be 'no genuine issue of material fact,'" and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"There is a strong presumption of validity for issued patents," and the accused infringer asserting invalidity "bears the burden of showing invalidity by facts supported by clear and convincing evidence." *Robotic Vision Systems, Inc. v. View Eng'g., Inc.*, 189 F.3d 1370, 1377 (Fed.Cir. 1999). Because clear and convincing evidence is required to overcome a patent's presumption of validity, "[a] court may reach a conclusion that a patent remains valid *solely* on the failure of the patent challenger's evidence to convincingly establish the contrary." *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1570 (Fed. Cir. 1986) (emphasis in original). "If the challenger's evidence be totally inadequate, a patentee's motion for judgment . . . would be appropriately granted before the patentee introduces any rebuttal evidence." *Id.*

1

**II.     Plaintiffs Are Entitled to Summary Judgment Because DRL Has Not Produced Any Evidence to Support its Affirmative Defense of Invalidity**

DRL has produced no evidence to support its affirmative defense of invalidity or to controvert Plaintiffs' request for a judgment that the '907 patent is not invalid.  Plaintiffs brought the instant suit against DRL for patent infringement and included in its Complaint a request for judgment that the claims of the asserted patents are valid and enforceable.  Case No. 3:13-cv-91, Dkt No. 1, Complaint at 19.  In its Answer, DRL pleaded, among other defenses, an affirmative defense of invalidity.  Case No. 3:13-cv-91, Dkt No. 5, Answer at ¶ 84.  DRL failed to serve invalidity contentions in support of its defense, and DRL now admits that it decided to "forgo any invalidity contentions."  Case No. 3:11-cv-2317, Dkt. No. 147, Letter from DRL Regarding Contentions, June 26, 2013, at 1.  Without any invalidity contentions, DRL will not be able to put forward any facts to establish invalidity of the '907 Patent, and therefore cannot satisfy its burden to prove invalidity by clear and convincing evidence.  *See ACCO Brands, Inc. v. Pc Guardian Anti-Theft Prods.*, 592 F. Supp. 2d. 1208, 1215-16 (N.D. Cal. 2008) (granting Plaintiff's summary judgment motion as to the validity of the patent at issue when Defendant conceded it never served any invalidity contentions but argued it asserted invalidity through its interrogatory responses and deposition testimony).  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 477-78 (1986).  Without any evidence to either support its affirmative defense of invalidity or controvert Plaintiffs' prayer for a judgment of validity, DRL cannot carry its burden to prove invalidity by clear and convincing evidence, and Plaintiffs' motion for summary judgment should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion and enter Summary Judgment that the '907 patent is not invalid.

Dated: June 28, 2013

Respectfully submitted,

By: /s/John E. Flaherty
Stephen M. Hash
Stephen C. Stout
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, TX 78746-7568
Tel: (512) 542-8400

*Of Counsel for Plaintiff Pozen Inc.*

John E. Flaherty
Jonathan M.H. Short
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs AstraZeneca AB, AstraZeneca LP, KBI-E Inc., and Pozen Inc.*

Einar Stole
Edward H. Rippey
Maureen M. Japha
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2401
(202) 662-6000

*Of Counsel for Plaintiffs AstraZeneca AB and AstraZeneca LP*

Henry J. Renk
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
Tel: (212) 218-2250

*Of Counsel for Plaintiffs AstraZeneca AB, AstraZeneca LP, and KBI-E Inc.*