# BUDD LARNER
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973-379-4800
FAX 973-379-7734
www.buddlarner.com
Direct Dial:  973-315-4439

August 16, 2013

Hon. Joel A. Pisano, U.S.D.J.
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

>      Re:    *AstraZeneca AB, et al. v. Dr. Reddy's Laboratories Inc., et al.*
>             Case No. 3:11-cv-02317 (DRL I); Case No. 3:13-cv-00091 (DRL II)

Dear Judge Pisano:

        We write with respect to Pozen's motion for summary judgment of validity in DRL II
(D.E. 152).  Pozen's Reply Brief incorrectly states that "issue preclusion is not before the Court"
(*see* D.E. 168, at 9).  A comparison of Pozen Exhibits A and B (D.E. 168-3, 168-4) demonstrates
that *issue preclusion is the only real dispute*.[1]  Indeed, Pozen relies upon the existence of the
issue preclusion dispute in its effort to demonstrate jurisdiction.  Pozen Reply Br. at 5 ("DRL's
refusal to give plaintiffs any assurance that it will not contest the validity of the '907 patent
going forward [in DRL I]" fails to divest the Court of subject matter jurisdiction).

        Pozen's motion makes no sense in DRL II.  If Pozen really wants a decision on the merits
of validity of the patent, then they should move in DRL I, where DRL has interposed invalidity
contentions, and not in DRL II, where DRL has only noninfringement contentions.

>                                      Respectfully,

>                                      Alan H. Pollack

00947641

cc:    Hon. Judge Douglas E. Arpert
       Counsel of record

---

[1] Pozen's proposed stipulation states, "DRL agrees that this stipulation and judgment that *the
claims of the '907 patent are not invalid shall preclude, by claim preclusion or issue preclusion
or other preclusive effect, any challenge to the validity*" of the '907 patent. (Exh. A ¶ 8.)  In
contrast, DRL's Proposed Judgment states that the claims of the '907 patent "Are Not Invalid in
Case No.  3:13-cv-00091 [] only, *and without any preclusive effect* in Case Number 3:11-cv-
002317." (Exh. B, at 5.)