RECEIVED

JUL 21 2015

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON PHARMA, INC. and POZEN INC., <br><br> Plaintiffs, <br><br> v. <br><br> DR. REDDY'S LABORATORIES, INC. AND DR. REDDY'S LABORATORIES, LTD., <br><br> Defendants. | Civil Action No. 3:11-02317 (MLC) (DEA) <br><br> Civil Action No. 3:13-00091 (MLC) (DEA) <br><br> *DOCUMENT ELECTRONICALLY FILED* <br><br> MOTION DATE: August 3, 2015 |

[PROPOSED] ORDER GRANTING DRL'S MOTION TO SEAL CERTAIN MATERIALS IN CONNECTION WITH DRL'S SECOND MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,926,907

This matter having been brought to the Court through Dr. Reddy's Laboratories, Ltd., and Dr. Reddy's Laboratories, Inc.'s, (collectively "DRL") Motion to Seal pursuant to Local Civil Rules 5.3(c) and 7.1, filed July 9, 2015, and this Court having fully considered the Memorandum of Law in in Support of the Motion to Seal and the Declaration of Alan H. Pollack in Support of the Motion to Seal, any submissions in further support thereof, and any opposition thereto, as well as the record before it, the Court makes the following findings of facts and conclusions of law:

**THE COURT FINDS** that the following materials consist of, reference, or contain documents and information designated by DRL as "Attorney Confidential" pursuant to the Stipulated Discovery Confidentiality Order that has been entered in this case (D.E. 49):

- *Designated portions of DRL's Brief in Support of its Second Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,926,907, which discuss, quote and/or summarize DRL's confidential information, including information concerning and comprising DRL's Abbreviated New Drug Application No. 204206 and the opinions of DRL's experts and Plaintiffs' experts; and*

- *Designated portions of the accompanying Declaration of Ellen T. Lowenthal in Support of DRL's Second Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,926,907 and the exhibits attached thereto which comprise, discuss, quote and/or summarize DRL's confidential information and the opinions of DRL's experts and Plaintiffs' experts;*

THE COURT FURTHER FINDS that these materials constitute valuable business information, confidential research and development information, and formulation and manufacturing process information, and were created at considerable expense by DRL.

THE COURT FURTHER FINDS that these materials are highly confidential to DRL and contain sensitive and proprietary information and trade secrets.

THE COURT FURTHER FINDS that the materials that are the subject of this Motion to Seal constitute valuable information concerning DRL's confidential business practices, confidential research and development, confidential clinical information, confidential regulatory information, and confidential formulation and manufacturing process information, and this information was created at considerable expense by DRL and others working with or for them. These materials are highly confidential to DRL and contain sensitive and proprietary information and trade secrets of DRL. This pharmaceutical patent action involves confidential research and development information and information about DRL's proposed pharmaceutical products. The current proceedings are a motion for summary judgment in which DRL is defending itself against plaintiffs Horizon Pharma, Inc.'s and Pozen, Inc.'s (collectively, "Plaintiffs'") allegations that certain of DRL's proposed pharmaceutical products will infringe certain claims of U.S. Patent No. 6,926,907. DRL cannot respond to Plaintiffs' allegations of patent infringement

without discussing many confidential and proprietary details concerning DRL's proposed pharmaceutical products, their formulation and manufacturing processes used to make them.

**THE COURT FURTHER FINDS** that the interests of DRL that warrant confidential treatment of these materials are the prospects that valuable research and development and regulatory information and confidential information related to DRL's formulation and processes, all of which is proprietary to DRL, would be lost, and that DRL's business competitors would gain an unfair advantage if these competitors were to gain access to the materials and the commercially sensitive and proprietary information contained therein.

**THE COURT FURTHER FINDS** that the interests of the public that warrant granting the Motion to Seal include the public's interest in not burdening litigants' access to the Court by requiring public disclosure of valuable confidential information as a condition of litigating their rights.

**THE COURT FURTHER FINDS** that no less restrictive alternative is available to prevent the defined and serious injury to DRL because DRL must rely on these confidential materials to respond to Plaintiffs' complaint of patent infringement and in Support of DRL's Second Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,926,907. DRL's request to seal this information has been narrowly tailored to protect only confidential information.

**THE COURT FURTHER FINDS** compliance with the dictates set forth in Local Civil Rule 5.3(c)(2).

**THE FOREGOING FINDINGS** are supported by relevant case law holding that the right of public access to court filings is not absolute and may be overcome by a showing such as made here, in the discretion of the trial court. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). The court, upon such a proper showing, "may in its discretion prevent

3

confidential materials from being 'transmuted into materials presumptively subject to public access.'" *Pfizer Inc. v. Teva Pharms. USA, Inc.*, No. 08-1331(DMC)(MF), 2009 WL 2256484, at *2 (D.N.J. July 28, 2009) (citation omitted).

**THEREFORE,** for good cause shown, and in order to preserve the confidentiality of the aforementioned information:

**IT IS ORDERED** that the listed documents shall be maintained under seal by the Clerk of the Court.

Date: July 21, 2015

Douglas E. Arpert
United States Magistrate Judge

1050198.w

— unopposed